## MFS SECURITIES CORP. and Marco Savarese, Plaintiffs–Appellants,

v.

## NEW YORK STOCK EXCHANGE, INC., Defendant–Appellee.

Docket No. 05–1188–CV.

United States Court of Appeals, Second Circuit.

Sept. 7, 2005.

Dominic F. Amorosa, New York, N.Y., for Plaintiffs–Appellants.

Jay N. Fastow, Weil, Gotshal & Manges LLP Gianluca Morello, New York, N.Y., for Defendant–Appellee, of counsel.

PRESENT: NEWMAN, CALABRESI, and STRAUB, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs–Appellants MFS Securities Corp. ("MFS") and Marco Savarese, the owner of MFS, appeal from a decision of the district court for the Southern District of New York dismissing their antitrust claim against Defendant–Appellee New York Stock Exchange (the "Exchange"). MFS was a member organization of the Exchange until 1998, when its membership terminated, pursuant to the Exchange's constitution, upon the Exchange's suspension of MFS's two floor brokers following their arrests for violations of federal securities laws.

This case has a long history before this court and before other tribunals. In a complaint filed in 2000, Appellants alleged that the termination constituted a breach of contract and an illegal group boycott. The district court granted the Exchange's motion to dismiss the breach of contract claim on absolute immunity grounds, and the antitrust claim on the grounds that antitrust claims against self-regulating securities exchanges are evaluated under the "rule of reason," and Appellants failed to state any facts showing the Exchange's action to be an unreasonable restraint on competition. *MFS Sec. Corp. v. New York Stock Exch.*, No. 00 Civ. 5600, 2001 WL 55736, 2001 U.S. Dist. LEXIS 420 (S.D.N.Y. Jan.23, 2001). We affirmed with respect to the breach of contract claim, and, invoking the doctrine of "primary jurisdiction," vacated with respect to the antitrust claim and remanded to the district court with instructions to stay proceedings pending review of MFS's termination by the Securities and Exchange Commission ("SEC"). *MFS Sec. Corp. v. New York Stock Exch.*, 277 F.3d 613 (2d Cir.2002).

The SEC dismissed MFS's application for review of its termination, ruling that MFS failed to exhaust the administrative remedies provided by the Exchange. MFS Sec. Corp., Exchange Act Release No. 47626, 79 SEC Docket 2780, 2003 WL 1751581, 2003 SEC LEXIS 789 (Apr. 3, 2003). Appellants petitioned this court for review of the SEC's decision pursuant to

15 U.S.C. § 78y(a)(1) and 5 U.S.C. § 702. Finding that the SEC followed appropriate procedures and acted within its discretion, we denied the petition and affirmed the SEC's decision. *MFS Sec. Corp. v. New York Stock Exch.*, 380 F.3d 611 (2d Cir. 2004). Rather than attempt to exhaust the Exchange's administrative remedies, Appellants went directly to the district court (a course we need not assess in light of our ultimate disposition), and renewed their antitrust claim. The Exchange renewed its motion to dismiss, and the court granted it.

We assume the parties' familiarity with the relevant facts and the specification of issues on appeal.

We affirm on the decision of the district court. As Judge Rakoff noted in his first order granting the Exchange's motion to dismiss, "[w]hile in many circumstances allegations of a group boycott state a 'per se' violation of the antitrust laws, the statutorily imposed 'anticompetitive' obligations of a self-regulating securities exchange under the Securities Exchange Act to define and limit membership and enforce Exchange rules against members mandate application of the 'rule of reason,' rather than a per se analysis, when a group boycott is alleged against such a securities exchange." 2001 WL 55736, at *1, 2001 U.S. Dist. LEXIS 420, at *1–*2 (internal citation omitted) (citing *Silver v. New York Stock Exch.*, 373 U.S. 341, 360, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963), and *Jacobi v. Bache & Co., Inc.*, 520 F.2d 1231, 1238 (2d Cir.1975)). To state an antitrust claim under the rule of reason analysis, a plaintiff must allege anticompetitive effects, and Appellants have alleged none. Dismissal is therefore required.

The Exchange proffers other grounds for affirming the district court: that the Exchange has absolute immunity from suit because the conduct alleged falls within the scope of its quasi-governmental powers, and that the Securities Exchange Act impliedly repeals the antitrust laws as applied to the Exchange's performance of regulatory functions under SEC oversight. We need not address these arguments, however, to resolve this case, and so we do not address them.

We have considered all of Appellants' claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.